HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ROBERT C. JARVIS and RETHA D. JARVIS, Husband and Wife,

    Plaintiffs,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federal corporation; THE BANK OF NEW YORK MELLON, F.K.A. THE BANK OF NEW YORK, AS TRUSTEE FOR CWHEW, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2006-s10; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Delaware corporation

    Defendants.

Case No. 3:16-CV-05194-RBL

PLAINTIFFS' BRIEF IN OPPOSITION TO FANNIE MAE AND MERS' MOTION FOR JUDGMENT ON THE PLEADINGS

NOTE ON MOTION CALENDAR: SEPTEMBER 30, 2016

## I. Introduction and Relief Requested

Plaintiffs ROBERT C. JARVIS and RETHA D. JARVIS, Husband and Wife, submit the following brief in opposition to Defendants Fannie Mae and MERS' motion for judgment on the pleadings. Plaintiff's respectfully request that the Court deny Defendants' motion for judgment on the pleadings. As a matter of law, the statute of limitations has run on Fannie Mae's ability to enforce its deed of trust.

## II. Facts

Plaintiffs Robert C. Jarvis and Retha D. Jarvis ("Jarvises"), are the owners in fee simple, by special warranty deed recorded October 26, 2001, under Thurston County Auditor's No. 3388086, of real property located at 1206 Thurston Court NW, Yelm, WA 98597, and identified as Tax Parcel No. 5767-0005-200, and legally described as follows:

> LOT 52 OF KINGSVIEW DIVISION 4, ACCORDING TO THE PLAT RECORDED IN VOLUME 19, OF PLATS, AT PAGE(S) 56, IN THURSTON COUNTY, WASHINGTON.

(the "Jarvis Property").[1]

On February 4, 2006, the Jarvises conveyed a deed of trust on the Jarvis Property to Mortgage Electronic Registration Systems, Inc., as nominee of the lender Best Rate Funding Corp, to secure payment of a promissory note to Best Rate Funding Corp in the amount of $164,000 ("Note").[2] The deed of trust was recorded March 13, 2006, under Thurston County Auditor's No. 3814575. ("Deed of Trust").[3] The Note provided for monthly installment payments.[4]

By successive assignments recorded under Thurston County Auditor's Nos. 4167721, 4167722, 4191366, 4233872, and 4442925, Defendant Federal National Mortgage Association ("Fannie Mae") is the current beneficiary and holder of the Deed of Trust.[5]

Jarvises filed Chapter 7 Bankruptcy on November 6, 2008, in U.S. Bankruptcy Court Western District (Tacoma), under cause No. 08-45840-PHB. The Deed of Trust was listed under Schedule D

---

[1] Complaint ¶ 2.1 (Dkt. #1, Attachment #2).
[2] Complaint ¶ 2.2.
[3] Complaint ¶ 2.2.
[4] Motion for Judgment on the Pleadings Ex. A (Dkt. #30, Attachment #1)
[5] Complaint ¶ 2.3.

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS - 2

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

of the Jarvises' bankruptcy petition, and the Jarvises were granted a discharge under 11 U.S.C. §727 on February 23, 2009.[6]

The Jarvises did not reaffirm the debt secured by the Deed of Trust and the Jarvises have made no payments on the debt secured by the Deed of Trust since prior to the November 6, 2008, bankruptcy filing.[7] No judicial or nonjudicial foreclosure proceedings were commenced on the Deed of Trust within six years of Jarvises' bankruptcy discharge.[8]

### III. Legal Authority and Argument

A.  FRCP 12(c) Standard.

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the district court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Vawter v. Quality Loan Servicing Corp.*, 707 F.Supp.2d 1115, 1120 (W.D. Wash. 2010) (quoting *Fleming v. Pichard*, 581 F.3d 922, 925 (9th Cir. 2009)). Judgment on the pleadings may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of Plaintiff's claim which would entitle Plaintiff to relief. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997).

B.  The Statute of Limitations has expired on Enforcement of the Deed of Trust.

Under Washington law, promissory notes and deeds of trust securing such notes are subject to a six year statute of limitations. RCW 4.16.040; *Westar Funding v. Sorrels*, 157 Wn. App. 777, 784 (2010). RCW 7.28.300 provides a mechanism for clearing deeds of trust barred by the statute of limitations, providing:

---

[6] Complaint ¶ 2.6.
[7] Complaint ¶ 2.7.
[8] Complaint ¶ 2.9.

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS - 3

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

In Washington, "when recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144–45 (1945); *In re Parentage of Fairbanks*, 142 Wn. App. 950, 960, 176 P.3d 611 (2008); *see also* 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, *Washington Practice: Contract Law and Practice* § 16:21 (3d ed.)(October 2016 Update) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due").

When the statute of limitations on the right to enforce a promissory note expires, the right to enforce a deed of trust securing the note also expires. *Walcker v. Benson and McLaughlin, P.S.*, 79 Wn. App. 739, 740-41, 904 P.2d 1176 (1995). Installment payments were due on the Note and Deed of Trust until the Jarvises received their Chapter 7 discharge on February 23, 2009. The discharge eliminated the personal liability of the Plaintiffs on both the Note and Deed of Trust, but did not affect the Defendants' rights to enforce the Deed of Trust *in-rem*. *In re Henry*, 266 B.R. 457, 474 (C.D. Cal. 2001). Thus, after the discharge no further payments were due on the Note or Deed of Trust. The fact that the Jarvises could have, but chose not to, voluntarily make payments after the discharge, is irrelevant. After the discharge there were no installment payment obligation to enforce.

The statute of limitations on the right to enforce the Deed of Trust began running the last time any payment on the Note was due. The last time any payment on the Note was due was the last monthly installment payment that was due prior to February 23, 2009. This issue was recently

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS - 4

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

addressed in *Edmundson v. Bank of America*, 194 Wn. App. 920, _____ P.3d _____, 2016 WL 3853751, at *5 (2016). Plaintiffs in that case did not make the November 1, 2008, monthly installment payment on a note and deed of trust or any payments thereafter. *Id.* at *1. They filed Chapter 13 Bankruptcy in June 2009 and received a discharge on December 31, 2013. *Id.* In March 2015 Plaintiffs sought to enjoin a scheduled trustee's sale of the property under the deed of trust, arguing *inter alia* that the six year statute of limitations had run on November 1, 2014, six years after their initial default. *Id.* The court of appeals disagreed, stating:

> Here, the statute of limitations accrued for each installment from the time it became due. Thus, the statute accrued on November 1, 2008 for that missed payment only. November 1, 2014 was six years later.
>
> Correspondingly, the statute of limitations for each subsequent monthly payment accrued on the first day of each month after November 1, 2008 until the Edmundsons no longer had personal liability under the note. They no longer had such liability as of the date of their bankruptcy discharge, December 31, 2013. Thus, from December 1, 2008 through December 1, 2013, the statute of limitations accrued for each monthly payment under the terms of the note as each payment became due.

*Edmundson*, 2016 WL 3853751, *5. This issue was also addressed recently and correctly, in *Silvers v. U.S. Bank*, No. 15-5480 RLB, 2015 WL 5024173, at *4 (W.D. Wash. August 24, 2015). Plaintiffs in that case received a Chapter 7 discharge on January 25, 2010, and the issue for the court was when the statute of limitations began to run on a deed of trust securing a promissory note requiring installment payments. *Id.* at *1. The court concluded:

> The statute of limitations on the right to enforce the Deed of Trust began running the last time any payment on the Note was due. The Plaintiffs remained personally liable on the Note (and successive payments continued to be due) until January 1, 2010, when they missed that payment; they received a discharge on January 25, 2010. Accordingly, the statute of limitations to enforce the Deed of Trust lien began to run on January 1, 2010.

*Silvers*, 2015 WL 5024173, at *4.

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS - 5

VSI Law Group, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

In summary, both the Washington State Court of Appeals and the U.S. District Court for Western Washington have determined that the statute of limitations on a deed of trust securing an installment note begins to run when the last installment payment was due prior to the debtor's bankruptcy discharge of the debt. These decisions are consistent with the fundamental goal of the Bankruptcy Code to give an honest but unfortunate debtor a fresh start,[9] and the goal of statutes of limitations "to eliminate the fears and burdens of threatened litigation and to protect the defendant against stale claims."[10] Under Defendants' theory, it could wait until six years after the final payment would have been due but for the bankruptcy discharge to foreclose on the Deed of Trust, which in this case would have the statute of limitations expiring on March 1, 2042. That would be more than 33 years after any installment payment was actually due.

As decided in *Edmundson* and addressed in *Silvers*, statute of limitations for enforcement of the Deed of Trust commenced running when the last payment was due prior to Jarvises discharge on February 23, 2009. Although not specifically stated in the pleadings it can be inferred from the Deed of Trust that the last payment due was the February 1, 2009, payment. No proceedings to commence foreclosure of the Deed of Trust were commenced within six years of the last due payment or of the discharge. As such, Fannie Mae's motion to dismiss should be denied and the court should determine as a matter of law that the statute of limitations on the Deed of Trust began to run on February 1, 2009.

---

[9] "[A] central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)).

[10] *Walcker v. Benson and McLaughlin,* 79 Wn. App. at 746, 904 P.2d 1176 (quoting *Stenberg v. Pacific Power & Light Co.,* 104 Wn.2d 710, 71 4, 709 P.2d 793 (1985)).

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS - 6

VSI Law Group, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

C. <u>Dismissal of MERS</u>

The Jarvises named MERS as a defendant in this case only as to its interest in the second deed of trust on the Jarvis Property.[11] The Jarvises do not assert that MERS currently has any interest in the Deed of Trust now held by Fannie Mae. MERS assigned any interest it had in the Fannie Mae Deed of Trust by assignments recorded under Thurston County Auditor's Nos. 4167721, 4167722 and 4191366.[12]

Dated this 22nd day of September, 2016

                VSI Law Group, PLLC

                By: <u>/s/Gregory F. Amann</u>
                    Gregory F. Amann, WSBA No. 24172

                225 Tacoma Avenue South
                Tacoma, WA 98402
                253-922-5464
                gfa@vsilawgroup.com

---

[11] Complaint ¶¶ 2.4 and 2.5.
[12] Complaint ¶ 2.3.

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS - 7

## CERTIFICATE OF SERVICE

I certify on the date indicated below I caused a copy of the foregoing document to be filed with the clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send email notification of such filing to the attorneys of record.

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED September 22nd, 2016, at Tacoma, Washington.

By: */s/ Gregory F. Amann*
Gregory F. Amann, WSBA No. 24172
gfa@vsilawgroup.com

225 Tacoma Avenue South
Tacoma, WA 98402
T: 253-922-5464
F: 253-212-3963

Attorneys for Plaintiffs, Robert C. Jarvis and Retha D. Jarvis

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS - 8

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963