HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT C. JARVIS and RETHA D. JARVIS, Husband and Wife,

Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federal corporation, et. al. ,

Defendant.

CASE NO. 3:16-cv-05194-RBL

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Dkt. #30

THIS MATTER is before the Court on Defendant Federal National Mortgage Association's Motion for Judgment on the Pleadings [Dkt. # 35]. Plaintiffs Robert and Retha Jarvis[1] are record-holders for a Yelm property encumbered by a deed of trust held by Defendant Fannie Mae. Jarvis seeks quiet title to the property, contending Fannie Mae can no longer assert its *in rem* interest in the property because the six-year limitations period on foreclosure actions has run. Fannie Mae argues Jarvis's action is not yet ripe because it may bring an *in rem* claim against the property until the deed of trust becomes due: either March 1, 2036 or the day it affirmatively accelerates Jarvis's mortgage debt.

[1] For ease, the Court will refer to Robert and Retha Jarvis in the singular.

## I.  BACKGROUND

Jarvis seeks quiet title on property held in his name in Yelm, Washington. He conveyed the property's deed of trust to Mortgage Electronic Registration Systems, Inc. to secure a promissory note for his mortgage.[2] Fannie Mae now holds the deed of trust, which expires on March 1, 2026.

On February 23, 2009, the U.S. Bankruptcy Court for the Western District of Washington discharged Jarvis's debt thought a Chapter 7 petition listing both the deed of trust and the promissory note. The bankruptcy extinguished his personal liability for the mortgage debt, including his monthly payment obligations. Through the deed of trust, Fannie Mae retained an *in rem* interest in the property. Neither party alleges any additional payments were made on the mortgage or that Fannie Mae asserted its *in rem* interest in the property after the bankruptcy.

Jarvis claims the six-year limitations period for enforcement of the deed of trust began running when his last installment payment, prior to his discharge, was due: sometime in February 2009. He contends that because the limitations period has expired, he may move for quiet title. Fannie Mae counters that the claim is not yet ripe for review because the limitations period to foreclose on the property will not expire until six years from the date the deed of trust expires, in 2036, or until it affirmatively accelerates the debt. It asks the Court not to adopt *Edmundson v. Bank of America*, 194 Wn.App 920, 378 P.3d 272 (2016), and *Silvers v. U.S. Bank Nat. Ass'n*, No. 15-5480 RJB, 2015 WL 5024173 (W.D. Wash. Aug. 25, 2015)—which hold the limitations period on the right to enforce a deed of trust runs from the date the last payment on a note was due—because the Washington State Supreme Court would refuse to share their conclusion. The

---

[2] Defendant Mortgage Electronic Registration Systems, Inc was dismissed, as was Defendant Bank of New York Mellon. *See* Dkt. #34.

question before the Court is whether Jarvis has plausibly claimed the statute of limitations began to toll in February 2009, when he was discharged of personal liability on his debt.

## II. DISCUSSION

### A. Standard of Review.

The standard applicable to a 12(c) motion for judgment on the pleadings mirrors that of a 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *See Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

**B.      Jarvis Presents a Cognizable Claim for Quiet Title.**

Bankruptcy discharges personal financial liability on instruments named in petition. It absolves personal liability on a promissory note and on the underlying deed of trust, *Walcker v. Benson and McLaughlin, P.S.*, 79 Wn.App 739, 740-41, 904 P.2d 1176 (1995), though, the deed of trust holder maintains an *in rem* interest in the property. *See Johnson v. Home State Bank*, 501 U.S. 78, 80, 111 S. Ct. 2150 (1991). The discharge prohibits the "commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524 (a)(2). But, the deed of trust holder may assert his *in-rem* interest by foreclosing the property, selling the property to the debtor at fair market value, reaffirming the existing debt, or crafting a "ride-though" agreement. *See In re Garske*, 287 B.R. 537, 542 (B.A.P 9th Cir. 2002); *see also McClellan Fed. Credit Union v. Parker* (*In re Parker*), 139 F.3d 668, 673 (9th Cir. 1998).

Washington sets a six-year limitations period for foreclosures and other actions arising from real estate contracts. *See* RCW 4.16.040. A property title holder may move for quiet title against a lien when "an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations." RCW 7.28.300. The statute of limitations on an installment contract, such as one for mortgage payments, runs when each installment becomes due. *See Herzog v Herzog*, 23 Wn.2d 382, 388 (1945). Payments are no longer due if a borrower's personal liability is discharged in bankruptcy. *See Edmundson v. Bank of America*, 194 Wn.App 920, 931, 378 P.3d 272 (2016). Therefore, the limitations period to foreclose on a deed of trust securing a promissory note accrues, and the six-year limitations period governing an action to foreclose begins to run, each month when an installment payment is due, until the borrower's personal liability on the note is discharged in bankruptcy. *See id.; see also Silvers v. U.S. Bank Nat. Ass'n*,

No. 15-5480 RJB, 2015 WL 5024173, at *4 (W.D. Wash. Aug. 25, 2015) (The limitations period "on the right to enforce [a] Deed of Trust [begins] running the last time any payment on [a] Note [is] due. The Plaintiffs remained personally liable on the Note (and successive payments continued to be due) until January 1, 2010, when they missed that payment; they received their Chapter 7 discharge on January 25, 2010. Accordingly, the … limitations [period] to enforce the Deed of Trust lien began to run on January 1, 2010.").

The Jarvis's mortgage debt originated as an installment contract—where the limitations period on a claim arising from the contract begins to toll as each monthly installment becomes due. His bankruptcy decree discharged his personal liability for this debt on the promissory note and deed of trust. This discharge terminated his monthly payment obligations. Under this rationale, the limitations period began to toll when his last installment payment (prior to discharge) was due.

Jarvis claims that because bankruptcy discharged his personal liability on the debt underlying Fannie Mae's deed of trust and he did not agree to a new payment schedule with Fannie Mae, he owed no further monthly payments from the time of discharge. Therefore, Fannie Mae only had until February 2016 to assert its remaining *in-rem* interest on the property, and his claim for quiet title is ripe. These facts and allegations are sufficient on their face to state a plausible claim for relief when viewed in the light most favorable to Jarvis. Because Jarvis has

//

//

//

//

stated a cognizable legal theory, Fannie Mae's Motion for Judgment on the Pleadings [Dkt. #30] is **DENIED.**

Dated this 15th day of December, 2016.

Ronald B. Leighton
United States District Judge