HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ROBERT C. JARVIS and RETHA D. JARVIS,
Husband and Wife,

                        Plaintiffs,

vs.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a federal corporation; THE
BANK OF NEW YORK MELLON, F.K.A. THE
BANK OF NEW YORK, AS TRUSTEE FOR
CWHEW, INC., HOME EQUITY LOAN ASSET
BACKED CERTIFICATES, SERIES 2006-s10;
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,  Delaware
corporation
                      Defendants.

Case No.  3:16-CV-05194-RBL

PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT

**NOTE FOR MOTION CALENDAR:
JANUARY 27, 2016**

### I. Introduction and Relief Requested

      Plaintiffs ROBERT C. JARVIS and RETHA D. JARVIS, Husband and Wife, respectfully request that the Court grant them summary judgment on their claim to quite title against Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") pursuant to  Fed. R. Civ. P. 56.  As a matter of law the statute of limitations has run on Defendants ability to enforce its deed of trust.

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

## II. Facts

A.    Background

Plaintiffs Robert C. Jarvis and Retha D. Jarvis ("Jarvises"), are the owners in fee simple, by special warranty deed recorded October 26, 2001, under Thurston County Auditor's No. 3388086, of real property located at 1206 Thurston Court NW, Yelm, WA 98597, and identified as Tax Parcel No. 5767-0005-200, and legally described as follows:

LOT 52 OF KINGSVIEW DIVISION 4, ACCORDING TO THE PLAT RECORDED IN VOLUME 19, OF PLATS, AT PAGE(S) 56, IN THURSTON COUNTY, WASHINGTON.

(the "Jarvis Property").[1]

On February 4, 2006, the Jarvises conveyed a deed of trust on the Jarvis Property to Mortgage Electronic Registration Systems, Inc., as nominee of the lender Best Rate Funding Corp, to secure payment of a promissory note to Best Rate Funding Corp in the amount of $164,000 ("Note").[2]  The deed of trust was recorded March 13, 2006, under Thurston County Auditor's No. 3814575. ("Deed of Trust").[3]  The Note provided for monthly installment payments.[4]

By successive assignments recorded under Thurston County Auditor's Nos. 4167721, 4167722, 4191366, 4233872, and 4442925, Defendant Federal National Mortgage Association ("Fannie Mae") is the current beneficiary and holder of the Deed of Trust.[5]

Jarvises filed Chapter 7 Bankruptcy on November 6, 2008, in U.S. Bankruptcy Court Western

---

[1] Declaration of Robert C. Jarvis filed herewith at ¶ 2 ("Jarvis Declaration).

[2] Jarvis Declaration ¶ 3.

[3] Jarvis Declaration ¶ 3.

[4] Jarvis Declaration ¶ 3

[5] Jarvis Declaration ¶ 4.

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT- 2

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

District (Tacoma), under cause No. 08-45840-PHB.  The Deed of Trust was listed under Schedule D of the Jarvises' bankruptcy petition, and the Jarvises were granted a discharge under 11 U.S.C. §727 on February 23, 2009.[6]

The Jarvises did not reaffirm the debt secured by the Deed of Trust and the Jarvises have made no payments on the debt secured by the Deed of Trust since prior to the November 6, 2008, bankruptcy filing.[7] No judicial or nonjudicial foreclosure proceedings were commenced on the Deed of Trust within six years of Jarvises' bankruptcy discharge.[8]

B.      Procedural Posture

JARVIS filed this quite title action in Thurston County Superior Court on February 11, 2016. Defendant Fannie Mae removed the suit to this Court on March 14, 2016.  On October 4, 2016 a Stipulated Judgment Quieting Title against Defendants Bank of New York Mellon, f.k.a. the Bank of New York, as Trustee for CWHEE, Inc., Home Equity Loan Asset Backed Certificates, Series 2006-s10; and Mortgage Electronic Registration Systems, Inc., was entered.  On December 15, 2016, the Court entered an Order Denying Defendant's Motion for Judgment on the Pleadings.

C.      Evidence Relied Upon

This motion relies on the Declaration of Robert C. Jarvis filed herewith, the Order Denying Defendant's Motion for Judgment on the Pleadings entered by the court on December 15, 2016, and the other pleadings and papers filed with the Court.

**III. Issue**

Whether actions to foreclose on the Deed of Trust would be barred by the statute of limitations,

---

[6] Jarvis Declaration ¶ 5.

[7] Jarvis Declaration ¶ 6.

[8] Jarvis Declaration ¶ 6.

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

1    and whether Plaintiffs are entitled to quite title against the Deed of Trust pursuant to RCW 7.28.300.

2                                      **IV. Argument**

3    A.    <u>Summary Judgment Standard</u>.

4            Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary

5    judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

6    is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In making such a determination, the

7    Court must view the facts and inferences to be drawn therefrom in the light most favorable to the

8    nonmoving party, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d

9    202 (1986), and may consider extrinsic materials so long as they would be admissible in evidence. *See*

10   Fed.R.Civ.P. 56(c). Once a motion for summary judgment is properly made and supported, the

11   opposing party "must come forward with specific facts showing that there is a genuine issue for trial."

12   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538

13   (1986). Material facts are those that may affect the outcome of the case, and a dispute about a material

14   fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving

15   party. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. Ultimately, summary judgment is appropriate

16   only against a party who "fails to make a showing sufficient to establish the existence of an element

17   essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*

18   *Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

19

20   B.    <u>The Statute of Limitations has Run on Enforcement of the Deed of Trust</u>.

21           Under Washington law, promissory notes and deeds of trust securing such notes are subject to

22   a six year statute of limitations.  RCW 4.16.040; *Westar Funding v. Sorrels*, 157 Wn. App. 777, 784

23   (2010).  RCW 7.28.300 provides a mechanism for clearing deeds of trust barred by the statute of

24   limitations, providing:

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

In Washington, "when recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144–45 (1945); *In re Parentage of Fairbanks*, 142 Wn. App. 950, 960, 176 P.3d 611 (2008); *see also* 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, *Washington Practice: Contract Law and Practice* § 16:21 (3d ed.)(October 2016 Update) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due").

When the statute of limitations on the right to enforce a promissory note expires, the right to enforce a deed of trust securing the note also expires. *Walcker v. Benson and McLaughlin, P.S.*, 79 Wn. App. 739, 740-41, 904 P.2d 1176 (1995). Installment payments were due on the Note and Deed of Trust until the Jarvises received their Chapter 7 discharge on February 23, 2009. The discharge eliminated the personal liability of the Plaintiffs on both the Note and Deed of Trust, but did not affect the Defendants' rights to enforce the Deed of Trust *in-rem*. *In re Henry*, 266 B.R. 457, 474 (C.D. Cal. 2001). Thus, after the discharge no further payments were due on the Note or Deed of Trust. The fact that the Jarvises could have, but chose not to, voluntarily make payments after the discharge, is irrelevant. After the discharge there were no installment payment obligation to enforce.

The statute of limitations on the right to enforce the Deed of Trust began running the last time any payment on the Note was due. The last time any payment on the Note was due was the last monthly installment payment that was due prior to February 23, 2009. This issue was recently addressed in

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT- 5

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

1   *Edmundson v. Bank of America*, 194 Wn. App. 920, 378 P.3d 272 (2016).  Plaintiffs in that case did

2   not make the November 1, 2008, monthly installment payment on a note and deed of trust or any

3   payments thereafter. *Id.* at 923.  They filed Chapter 13 Bankruptcy in June 2009 and received a

4   discharge on December 31, 2013. *Id.* In March 2015 Plaintiffs sought to enjoin a scheduled trustee's

5   sale of the property under the deed of trust, arguing *inter alia* that the six year statute of limitations had

6   run on November 1, 2014, six years after their initial default. *Id.* at 924.  The court of appeals disagreed,

7   stating:

8       Here, the statute of limitations accrued for each installment from the time it became due.
        Thus, the statute accrued on November 1, 2008 for that missed payment only. November
9       1, 2014 was six years later.

10      Correspondingly, the statute of limitations for each subsequent monthly payment
        accrued on the first day of each month after November 1, 2008 until the Edmundsons
11      no longer had personal liability under the note. They no longer had such liability as of
        the date of their bankruptcy discharge, December 31, 2013. Thus, from December 1,
12      2008 through December 1, 2013, the statute of limitations accrued for each monthly
        payment under the terms of the note as each payment became due.
13

14  *Id.* at 931. This issue was also addressed recently and correctly, in *Silvers v. U.S. Bank*, No. 15-5480

15  RLB, 2015 WL 5024173, at *4 (W.D. Wash. August 24, 2015).  Plaintiffs in that case received a

16  Chapter 7 discharge on January 25, 2010, and the issue for the court was when the statute of limitations

17  began to run on a deed of trust securing a promissory note requiring installment payments. *Id.* at *1.

18  The court concluded:

19      The statute of limitations on the right to enforce the Deed of Trust began running the
        last time any payment on the Note was due.  The Plaintiffs remained personally liable
20      on the Note (and successive payments continued to be due) until January 1, 2010, when
        they missed that payment; they received a discharge on January 25, 2010.  Accordingly,
21      the statute of limitations to enforce the Deed of Trust lien began to run on January 1,
        2010.
22

23  *Silvers*, 2015 WL 5024173, at *4.

24

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

In summary, both the Washington State Court of Appeals and the U.S. District Court for Western Washington have determined that the statute of limitations on a deed of trust securing an installment note begins to run when the last installment payment was due prior to the debtor's bankruptcy discharge of the debt. These decisions are consistent with the fundamental goal of the Bankruptcy Code to give an honest but unfortunate debtor a fresh start,[9] and the goal of statutes of limitations "to eliminate the fears and burdens of threatened litigation and to protect the defendant against stale claims."[10] Under Defendants' theory, it could wait until six years after the final payment would have been due but for the bankruptcy discharge to foreclose on the Deed of Trust, which in this case would have the statute of limitations expiring on March 1, 2042. That would be more than 33 years after any installment payment was actually due.

As decided in *Edmundson* and addressed in *Silvers*, statute of limitations for enforcement of the Deed of Trust commenced running when the last payment was due prior to Jarvises discharge on February 23, 2009. Although not specifically stated in the pleadings it can be inferred from the Deed of Trust that the last payment due was the February 1, 2009, payment. No proceedings to commence foreclosure of the Deed of Trust were commenced within six years of the last due payment or of the discharge. As such, Plaintiffs' motion for summary judgment should be granted.

### V. Conclusion

For the reasons set forth above Plaintiffs respectfully request that the Court grant Plaintiff's

---

[9] "[A] central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)).

[10] *Walcker v. Benson and McLaughlin,* 79 Wn. App. at 746, 904 P.2d 1176 (quoting *Stenberg v. Pacific Power & Light Co.,* 104 Wn.2d 710, 71 4, 709 P.2d 793 (1985)).

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

1   motion for summary judgment, ordering (1) that Plaintiffs owns, in fee simple absolute, the Jarvis

2   Property as against the Defendant Fannie Mae and all persons claiming under the Defendant, who shall

3   have no estate, right, title, lien or interest in or to the Jarvis Property, or any part thereof, (2) that title

4   to the Jarvis Property be quieted to the Plaintiffs against all claims of Defendant and all persons

5   claiming under Defendants; and (3) that the Deed of Trust be extinguished.

6          Dated this _____ day of December, 2016

7                                          VSI Law Group, PLLC

8                                          By: /s/Gregory F. Amann
                                               Gregory F. Amann, WSBA No. 24172
9

10                                         225 Tacoma Avenue South
                                           Tacoma, WA  98402
11                                         253-922-5464
                                           gfa@vsilawgroup.com
12

13

14

15

16

17

18

19

20

21

22

23

24

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

## **CERTIFICATE OF SERVICE**

1

2    I certify on the date indicated below I caused a copy of the foregoing document to be filed with

3    the clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement

4    and the Court's rules, the Clerk of the Court will send email notification of such filing to the attorneys

5    of record.

6    I affirm under penalty of perjury under the laws of the State of Washington and the United

7    States that the foregoing is true and correct to the best of my knowledge.

8    SIGNED December 21st, 2016, at Tacoma, Washington.

9

10                                By:    /s/ Gregory F. Amann
                                        Gregory F. Amann, WSBA No. 24172
11                                       gfa@vsilawgroup.com

12

13                                       225 Tacoma Avenue South
                                         Tacoma, WA  98402
14                                       T: 253-922-5464
                                         F:  253-212-3963
15
                                         Attorneys for Plaintiffs, Robert C. Jarvis
16                                       and Retha D. Jarvis

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT- 9

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963