HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT C. JARVIS and RETHA D. JARVIS, Husband and Wife,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federal corporation; THE BANK OF NEW YORK MELLON, F.K.A. THE BANK OF NEW YORK, AS TRUSTEE FOR CWHEW, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2006-s10; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Delaware corporation<br>　　　　　　Defendants. | Case No. 3:16-CV-05194-RBL<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:**<br>**JANUARY 27, 2017** |

Plaintiffs ROBERT C. JARVIS and RETHA D. JARVIS, Husband and Wife, respectfully submit the following reply in support of their motion for summary judgment.

**I. REPLY**

Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") argues that *Edmundson v. Bank of America*, 194 Wn. App. 920, 378 P.3d 272 (2016) and *Silvers v. U.S. Bank*, No. 15-5480 RLB, 2015 WL 5024173 (W.D. Wash. August 24, 2015) are dicta and should not be relied on by the Court. That is incorrect. A statement is dicta when it is not necessary to the court's decision in a case. *Ruse v. Dep't of Labor & Indus.*, 138 Wash.2d 1, 8–9, 977 P.2d 570 (1999).

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT- 1

In *Edmundson v. Bank of America*, 194 Wn. App. 920, 378 P.3d 272 (2016), Plaintiffs did not make the November 1, 2008, monthly installment payment on a note and deed of trust or any payments thereafter. *Id.* at 923. They filed Chapter 13 Bankruptcy in June 2009 and received a discharge on December 31, 2013. *Id.* In March 2015 Plaintiffs sought to enjoin a scheduled trustee's sale of the property under the deed of trust, arguing *inter alia* that the six year statute of limitations had run on November 1, 2014, six years after their initial default. *Id.* at 924. In order to decide whether the statute of limitations had run, it was necessary for the court to decide when the statute of limitations accrues on a secured installment note in default when the installment payment obligations have been discharged. In making this determination, the court stated:

> Here, the statute of limitations accrued for each installment from the time it became due. Thus, the statute accrued on November 1, 2008 for that missed payment only. November 1, 2014 was six years later.
>
> Correspondingly, the statute of limitations for each subsequent monthly payment accrued on the first day of each month after November 1, 2008 until the Edmundsons no longer had personal liability under the note. They no longer had such liability as of the date of their bankruptcy discharge, December 31, 2013. Thus, from December 1, 2008 through December 1, 2013, the statute of limitations accrued for each monthly payment under the terms of the note as each payment became due.

*Id.* at 931.

In *Silvers v. U.S. Bank*, No. 15-5480 RLB, 2015 WL 5024173 *1 (W.D. Wash. August 24, 2015), Plaintiffs made no monthly installment payments on a note secured by a deed of trust after August 29, 2008, and received a Chapter 7 discharge on January 25, 2010. Petitioners' received a Notice of Default and Intent to Foreclose on March 26, 2015. The issue for the court was whether the statute of limitations had run on the lender's right to foreclose the deed of trust. Just as in *Edmundson*, in order to decide whether the statute of limitations had run, it was necessary for the court to decide when the statute of limitations accrues on a secured installment note that is in default

when the installment payment obligations have been discharged. *Id.* at *1. In making this determination, the court concluded:

> The statute of limitations on the right to enforce the Deed of Trust began running the last time any payment on the Note was due. The Plaintiffs remained personally liable on the Note (and successive payments continued to be due) until January 1, 2010, when they missed that payment; they received a discharge on January 25, 2010. Accordingly, the statute of limitations to enforce the Deed of Trust lien began to run on January 1, 2010.

*Silvers*, 2015 WL 5024173, at *4.[1] Since the determinations in Edmundson and Silver were both necessary to the respective courts' decision, they are not dicta.

Both of these decisions are based on established law that "when recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144–45 (1945); *In re Parentage of Fairbanks*, 142 Wn. App. 950, 960, 176 P.3d 611 (2008); see also 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:21 (3d ed.)(October 2016 Update) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due"). Although Fannie Mae is correct that the discharge does not remove or discharge *in rem* liability of property for debts, such as the *in rem* liability of a deed of trust, *In re Akram*, B.R. 371, 375 (2001)(Bankr. CD Cal. 2001), a discharge does not convert a strictly personal liability, such as a promissory note, into an *in rem* liability. None of the cases cited by Fannie Mae stand for the proposition that a promissory note

---

[1] Contrary to Fannie Mae's assertion, the lender in Silver briefed the issues, and argued that the statute of limitations began to run when the last installment payment was due (January 1, 2010) prior to the Plaintiff's discharge, and would expire six years later (January 1, 2016). Declaration of Amann Exhibit A page 5; Exhibit B page 3.

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT- 3

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

passes through bankruptcy unaffected. Rather it is the deed of trust that creates the security interest in the debtor's property and the *in rem* liability. Thus, it is the lien of the deed of trust for the debtand the right to foreclose on the deed of trust that survives bankruptcy, not the right to continue to receive monthly installment payments. *See Johnson v. Home Street Bank*, 501 U.S. 78, 82 111 S.Ct. 2150 (1991). Also, it is the promissory note that creates the personal obligation of the debtor to make installment payments, not the deed of trust. Fannie Mae cites no authority for the specific proposition that the right to receive monthly installment payments survives bankruptcy *in rem*.

Fannie Mae also argues that following the decisions of Edmonson and Silver would lead to a parade of horribles by ending the "ride-through" option while providing Plaintiffs a windfall. This concern is unfounded. First debtors may still voluntarily keep installment payments current and otherwise voluntary comply with the terms of the applicable loan documents to avoid foreclosure. In re Parker, 39 F.3d 668, 672 (1998)   The issue of when the statute of limitations would run on "ride-through" where no default has occurred and the debtor continues to voluntarily comply with the terms of the note and deed of trust is not before the court in this case and was not before the courts in *Silver* or *Edmundson*. This case, *Silver* and *Edmundson*, all involve situations where the default had occurred prior to discharge and no subsequent payments were made.  Second, Plaintiffs are not seeking a windfall.  In fact, they attempted to deed the property back to the creditor and have wanted the opportunity to begin rebuilding their credit, which is not possible with the house still in their name and the specter of foreclosure still hanging over them, and cease receiving letters from loan servicing agencies.[2]  It may well take seven years <u>after</u> a foreclosure before a debtor to quality for a home loan.[3]  Under Fannie Mae's theory, a creditor could delay foreclosure for thirty years,

---

[2] Supplemental Jarvis Dec.

[3] See http://www.nolo.com/legal-encyclopedia/when-can-i-get-mortgage-after-foreclosure.html

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT- 4

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

effectively preventing a debtor from ever being able to purchase another house.  In cases where the debtor has defaulted prior to bankruptcy and no payments have been made after bankruptcy, the six year statute of limitations strikes the appropriate balance between the creditor's right to foreclose on its collateral, the aim of the Bankruptcy Code to give an honest but unfortunate debtor a fresh start, and the goal of statutes of limitations "to eliminate the fears and burdens of threatened litigation and to protect the defendant against stale claims."

If the debtor has stopped making payments and obtained a Chapter 7 discharge, there simply is no good reason why a creditor/deed of trust holder needs more than six years to commence foreclosure proceedings.

## II. Conclusion

For the reasons set forth above, and in Plaintiffs' motion, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for summary judgment, ordering (1) that Plaintiffs owns, in fee simple absolute, the Jarvis Property as against the Defendant Fannie Mae and all persons claiming under the Defendant, who shall have no estate, right, title, lien or interest in or to the Jarvis Property, or any part thereof, (2) that title to the Jarvis Property be quieted to the Plaintiffs against all claims of Defendant and all persons claiming under Defendants; and (3) that the Deed of Trust be extinguished.

Dated this _____ day of January, 2017

        VSI Law Group, PLLC

        By: */s/Gregory F. Amann*
            Gregory F. Amann, WSBA No. 24172

        225 Tacoma Avenue South
        Tacoma, WA  98402
        253-922-5464
        gfa@vsilawgroup.com

## CERTIFICATE OF SERVICE

I certify on the date indicated below I caused a copy of the foregoing document to be filed with the clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send email notification of such filing to the attorneys of record.

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED January 27th, 2017, at Tacoma, Washington.

By: /s/ Gregory F. Amann
Gregory F. Amann, WSBA No. 24172
gfa@vsilawgroup.com

225 Tacoma Avenue South
Tacoma, WA 98402
T: 253-922-5464
F: 253-212-3963

Attorneys for Plaintiffs, Robert C. Jarvis and Retha D. Jarvis