HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT C. JARVIS,<br><br>           Plaintiff,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>           Defendant. | CASE NO. C16-5194-RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S<br><br>DKT. ##36, 40 |

THIS MATTER is before the Court on the parties' cross-motions for summary judgment. [Dkt. ##36, 40]. Plaintiffs Robert and Retha Jarvis seek quiet title to their Yelm property, arguing the Defendant Federal National Mortgage Association (Fannie Mae) failed to enforce its deed of trust on their property within Washington's six-year limitations period. They rely on *Silvers v. U.S. Bank Nat. Ass'n*, No. 15-5480 RJB, 2015 WL 5024173 (W.D. Wash. Aug. 25, 2015), and *Edmundson v. Bank of Am.*, 194 Wn. App. 920, 378 P.3d 272 (2016), for the proposition that their last payment owed—the installment payment immediately prior to their discharge of personal liability—commenced RCW 4.16.040's limitations period. Fannie Mae argues the discharge of the Jarvises' personal liability did not affect its ability to take *in rem*

1 action against their property, which it may continue to do until six years after "the last secured
2 installment comes due in 2036." Dkt. #39 (Fannie Mae's Response) at 9.

3 In February 2006, the Jarvises obtained a loan for $164,000, documented by a promissory
4 note. The note was payable in monthly installments and set to mature in 2036. As security for
5 their loan, the Jarvises conveyed a deed of trust encumbering their Yelm property to Mortgage
6 Electronic Registration Systems, Inc. Fannie Mae now holds that deed of trust.

7 The Jarvises stopped making loan repayments, and in November 2008, filed for Chapter
8 7 bankruptcy. *See* No. 08-45840-PHB. The Bankruptcy Court discharged their personal liability
9 on the note on February 23, 2009. Since, the Jarvises have not reaffirmed their debt or made
10 additional payments on it. Fannie Mae did not accelerate the note's maturation date.

11 On February 11, 2016, the Jarvises sued for quiet title in Thurston County Superior
12 Court. Fannie Mae removed the suit here. The Jarvises argue the discharge of their personal
13 liability designated their last missed payment as the accrual date of the Bank's six-year period to
14 bring a foreclosure action. They argue because no more installments could become due on their
15 loan, no future event could extend Fannie Mae's time to enforce the deed of trust. Fannie Mae
16 argues installments will continue to accrue *in rem* against the Jarvises' property until 2036, and
17 unless it accelerates those payments, it has until six years after the last 2036 installment to
18 foreclose. It argues adopting the Jarvises' position would eliminate "ride-through agreements"—
19 a post-bankruptcy option allowing a borrower to continue making payments to keep his home—
20 by forcing secured creditors to accelerate payments or foreclose within six years of a borrower's
21 discharge of personal liability.

22
23
24

I. **DISCUSSION**

**A.     Standard of Review.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome are irrelevant to the consideration of a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

As a federal court sitting in diversity, the Court is bound to apply state law. *See State Farm Fire and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990). The Court must apply Washington law as it believes the Washington Supreme Court would apply it. *See Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). "[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Vestar Dev. 11, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

**B.      The Accrual Date for the Limitations Period on a Deed of Trust.**

The facts are not in dispute. At issue is whether the Jarvises' last missed payment, before the discharge of their personal liability, triggered Washington's six-year limitations period for enforcing a deed of trust, or whether Fannie Mae has until 2042 to foreclose on their property.

The discharge of a borrower's personal liability on a note does not also discharge a deed of trust given as security. *See Johnson v. Home State Bank*, 501 U.S. 78, 82–83, 111 S. Ct. 2150, 115 L. Ed. 66 (1991); *see also Edmundson*, 194 Wn. App. at 922. As a lien and a separate installment contract, the deed of trust remains enforceable *in rem*. *See id.* at 922, 926. The discharge does, however, alert the lender that the limitations period to foreclose on a property held as security has commenced.

The deed of trust encumbering the Jarvises' property is a written installment contract. *See* Dkt. #37 (Jarvis Dec.) at Ex. 2. Written contracts are subject to a six-year limitations period in Washington. *See* RCW 4.16.040 (2012) (governing deeds of trust). For installment contracts, each installment triggers the limitations period for that missed payment: "[W]hen recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144–45 (1945); *see also* 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:20, at 196 (2012–13 Supp.) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").

The last payment owed commences the final six-year period to enforce a deed of trust securing a loan. This situation occurs when the final payment becomes due, such as when the

note matures or a lender unequivocally accelerates the note's maturation. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434–35, 382 P.3d 1 (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017); *see also Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784, 239 P.3d 1109 (Wash. App. Div. 2, 2010). It also occurs at the payment owed immediately prior to the discharge of a borrower's personal liability in bankruptcy, because after discharge, a borrower no longer has forthcoming installments that he must pay. *See Edmundson*, 194 Wn. App. at 931; *see also Silvers v. U.S. Bank Nat. Ass'n*, 2015 WL 5024173, at *4.

Fannie Mae asserts the courts deciding *Silvers* and *Edmundson* wrongly announce, in dicta, that the last installment payment a borrower owes before discharge triggers the final limitations period on a deed of trust. It argues both courts conflate a discharge of personal liability on a note with discharge of obligations separately secured by a deed of trust. It argues a deed of trust is a separate contract, and tying the discharge of a borrower's personal liability to a lender's right to enforce a deed of trust would automatically accelerate future installments secured by the deed of trust without the lender's consent and to the borrower's detriment.

The Court disagrees with Fannie Mae's rendering of *Silvers* and *Edmundson* and with its forecast of their effects on mortgage lending and bankruptcy. "The sole question in" *Silvers* was "when the [Washington] six year statute of limitation began to run on enforcing a deed of trust." 2015 WL 5024173, at *1. The Silvers borrowed money to purchase a home. Their note was secured against the property by a deed of trust, payable in installments. *See id*. They eventually stopped making loan repayments and received a Chapter 11 bankruptcy discharge, relieving them of their personal liability on the note. *See id*. at *1–2. Because no future payments were owed, no installments capable of triggering the limitations period remained. *See id.* at *4

(applying *Herzog*, 23 Wn.2d at 388). The court reasoned Washington's six-year limitations period on installment contracts therefore accrued at the Silvers' last missed payment, at the payment just preceding their discharge of personal liability. *See id*. at *4 ("The statute of limitation on the right to enforce the Deed of Trust began running the last time any payment on the Note was due."). The court applied settled Washington law in determining when the limitation period on a deed of trust commences. This determination was not dicta but rather the case's holding that squarely addressed the sole issue facing the court.

*Edmundson* is nearly identical in fact and decision. The Washington Court of Appeals considered when the six-year limitations period on a deed of trust, payable in installments, begins. *See* 194 Wn. App. 920. The Edmundsons obtained a loan to purchase a home. *See id.* at 923. A deed of trust secured their promissory note. *See id.* They stopped repaying their loan and filed for bankruptcy. The bankruptcy court discharged their personal liability. Applying *Herzog* too, the court reasoned "the statute of limitations accrued for each installment from the time it became due." *Id*. at 930 (citing 23 Wn.2d 382). Because the Edmundsons owed no future payments after the discharge of their liability, the date of their last-owed payment kickstarted the deed of trust's final limitations period. *See id* at 931. The holder of the deed of trust had six years from that date to foreclose on the Edmundsons' home. *See id*. The court's conclusion was not dicta here either; it was necessary to deciding whether the creditor could foreclose on the Edmundsons' home, or whether they could sustain an action for quiet title.

*Silvers* and *Edmundson* do not misunderstand the bankruptcy process or present public policy concerns, as Fannie Mae contends. They do not conflate a discharge of personal liability on a note with a discharge of a lender's right to enforce a deed of trust *in rem*. If they did, they would declare a secured creditor's lien no longer enforceable as of the discharge date. Instead,

both announce that a secured creditor has six years from the last-missed payment preceding discharge to purse an *in rem* action. They also do not demand that acceleration automatically accompany discharge because acceleration occurs at the creditor's option when certain conditions are met. A bankruptcy court could not concurrently prohibit a creditor from collecting on a borrower's discharged debt and demand the creditor to require him to pay in full immediately. Discharge does not eliminate a borrower's potential to retain his collateral either, as a borrower and a lender may agree to reaffirm or renegotiate the borrower's dischargeable debt.

The Court agrees with *Silvers'* and *Edmundson's* holdings. The discharge of a borrower's personal liability on his loan—the cessation of his installment obligations—is the analog to a note's maturation. In both cases, no more payments could become due that could trigger RCW 4.16.040's limitations period. The last-owed payment before the discharge of a borrower's personal liability on a loan is the date from which a secured creditor has six years to enforce a deed of trust securing the loan.

The Jarvises stopped repaying their loan, Fannie Mae did not accelerate their obligation, and the Bankruptcy Court discharged their debts on February 23, 2009. They did not reaffirm. Their last installment payment owed, therefore, was the one immediately prior to their discharge. Over six years passed between that date and the date they filed for quiet title, February 11, 2016. RCW 4.16.040 forecloses Fannie Mae's right to enforce the deed of trust against them.

As the record owners, the Jarvises properly filed for quiet title after the limitations period on their deed of trust terminated: A "record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations." RCW 7.28.300

(1998). So, the Court GRANTS the Jarvises' claim for quiet title on their Yelm property as against Fannie Mae.

## II. CONCLUSION

The Jarvises' Motion for Summary Judgment [Dkt. #36] is GRANTED. Fannie Mae's Cross-Motion for Summary Judgment [Dkt. #40] is DENIED. The case is dismissed.

IT IS SO ORDERED.

Dated this 24th day of April, 2017.

	_____
	Ronald B. Leighton
	United States District Judge