1

2          HONORABLE RONALD B. LEIGHTON

3

4

5

6              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
7

ROBERT C. JARVIS and RETHA D. JARVIS,
8  Husband and Wife,                          Case No.  3:16-CV-05194-RBL

9                    Plaintiffs,

10 vs.

FEDERAL NATIONAL MORTGAGE                     PLAINTIFF'S MOTION FOR ATTORNEYS'
11 ASSOCIATION, a federal corporation; THE    FEES
   BANK OF NEW YORK MELLON, F.K.A. THE
12 BANK OF NEW YORK, AS TRUSTEE FOR           **NOTE ON MOTION CALENDAR:**
   CWHEW, INC., HOME EQUITY LOAN ASSET        **FRIDAY, MAY 12, 2017 (LCR 7(d)(3))**
13 BACKED CERTIFICATES, SERIES 2006-s10;
   and MORTGAGE ELECTRONIC
14 REGISTRATION SYSTEMS, INC.,  Delaware
   corporation
15
                     Defendants.
16

17 **A.    Motion.**

18         Plaintiffs ROBERT C. JARVIS and RETHA D. JARVIS, Husband and Wife, move for an

19 award of $11,062.50 for attorneys' fees.  This motion is supported by the Declaration of Gregory F.

20 Amann in Support of Motion for Attorneys' Fees filed herewith.

21 **B.    Discussion.**

22         Federal Rule of Civil Procedure 54(d)(2) establishes the procedure for asserting a right to

23 attorneys' fees and "related nontaxable expenses" where there is an independent source of authority

24 for such awards. *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

Cir. 1999).  Unlike Rule 54(d)(1) which expressly preempts state law relating to specified costs, Rule 54(d)(2) does not limit the operation of state law procedures.  Thus, in diversity actions, state law governs the recovery of attorneys' fees and related nontaxable expenses so long as it does not run counter to a valid federal statute or rule of court.  *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir. 2000).

Plaintiffs are entitled to an award of attorneys' fees pursuant to RCW 4.84.330, which provides:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

> Attorneys' fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorneys' fees is void.

> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

Fannie Mae's deed of trust provides that "Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument."[1]  In order for a contractual attorneys' fee provision to apply under RCW 4.84.330, the contract containing the attorneys' fee provision must be "central to the controversy." *Hemenway v. Miller*, 116 Wn.2d 725, 742, 807 P.2d 863 (1991).   The central issue of this case was the enforceability of Fannie Mae's deed of trust.  Attorneys' fees were awarded pursuant to RCW 4.84.330 under similar facts in *Kirsch v. Cranberry Financial, LLC*, No. 69959-8-I, 2013 WL 6835195 (Wn. App. Div. I 2013).  In *Kirsch*, plaintiff filed a quiet title action under RCW 7.28.300

---

[1] Dkt. #39 (Fannie Mae's Response to Motion for Summary Judgment, Exhibit B at 16).

VSI Law Group, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

claiming that the statute of limitations had run on defendant's promissory note and deed of trust because defendant did not take action to enforce the note and deed of trust within six years after acceleration of the debt. *Id.* at \*2. The court held that the statute of limitations had indeed run, and awarded the plaintiff reasonable attorneys' fees and costs pursuant to RCW 4.84.330 based on a provision in the promissory note providing that the debtor shall pay the note holder's expenses of any nature, including reasonable attorney fees and costs, incurred to enforce the note's provisions. *Id.* at \*7. The language of RCW 4.84.330 is mandatory and does not allow for an exercise of discretion in deciding whether to award fees. *Farm Credit v. Tucker*, 62 Wn. App. 196, 207, 813 P.2d 619 (1991).

## C.    Conclusion

Plaintiffs respectfully request that the Court award them attorneys' fees in the amount of $11,062.50 against Defendant Federal National Mortgage Association (Fannie Mae).

Dated this 25th day of April, 2017.

VSI Law Group, PLLC

By: */s/Gregory F. Amann*
       Gregory F. Amann, WSBA No. 24172

225 Tacoma Avenue South
Tacoma, WA 98402
253-922-5464
gfa@vsilawgroup.com

VSI LAW GROUP, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963

1

2
## CERTIFICATE OF SERVICE

3
     I certify on the date indicated below I caused a copy of the foregoing document to be filed

4
with the clerk of the Court via the CM/ECF system.   In accordance with their ECF registration

5
agreement and the Court's rules, the Clerk of the Court will send email notification of such filing to

6
the attorneys of record.

7
     I affirm under penalty of perjury under the laws of the State of Washington and the United

8
States that the foregoing is true and correct to the best of my knowledge.

9
     SIGNED April 25, 2017, at Tacoma, Washington.

10

11
                         By:     */s/ Gregory F. Amann*

12
                                      Gregory F. Amann, WSBA No. 24172
                                      gfa@vsilawgroup.com

13

14
                                      225 Tacoma Avenue South
                                      Tacoma, WA  98402

15
                                      T: 253-922-5464
                                      F:  253-212-3963

16

17
                                      Attorneys for Plaintiffs, Robert C. Jarvis
                                      and Retha D. Jarvis

18

19

20

21

22

23

24

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES- 4

VSI Law Group, PLLC
225 Tacoma Avenue South
Tacoma, WA 98424
Phone: 253.922.5464 Fax: 253.212.3963